COUNTY OF ANGELINA,

*Plaintiff*

–v–

ALLERGAN PLC, *et al.*,

*Defendants.*

Case No. 4:19–cv–03590

The Honorable Kenneth M. Hoyt

## MEMORANDUM IN SUPPORT OF MOTION BY CVS HEALTH CORPORATION AND MCKESSON CORPORATION FOR A TEMPORARY STAY PENDING LIKELY TRANSFER TO MULTIDISTRICT LITIGATION

# TABLE OF CONTENTS

I.   Statement of the Nature and Stage of the Proceeding ................................. 1

II.  Statement of the Issues to be Ruled upon by the Court .............................. 2

III. Background ...................................................................................... 3

IV.  Summary of the Argument ............................................................... 7

V.   Argument ....................................................................................... 7

VI.  Conclusion ................................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Ayers* v. *ConAgra Foods, Inc.*,
  2009 WL 982472 (S.D. Tex. Apr. 9, 2009) ................................................................. 7, 8

*City of Dover* v. *Purdue Pharma L.P.*,
  No. 1:19-cv-01749-CFC (D. Del. Oct. 8, 2019) .......................................................... 5

*City of Eagle Pass* v. *Purdue Pharma L.P.*,
  No. 2:18-cv-00051 (W.D. Tex. Aug. 9, 2018) ............................................................ 2

*City of Laredo* v. *Purdue Pharma L.P.*,
  No. 5:18-cv-00118 (S.D. Tex. Aug. 9, 2018); ........................................................... 2

*City of Norwich* v. *Purdue Pharma L.P.*,
  No. 3:19-cv-00770 (D. Conn. Jun. 13, 2019) ............................................................ 5

*County of Duval* v. *Purdue Pharma L.P.*,
  No. 4:19-cv-02504 (S.D. Tex. July 26, 2019) ........................................................ 5, 10

*County of Jim Hogg* v. *Purdue Pharma, L.P.*,
  No. 4:19-cv-02816 (S.D. Tex. Sept. 4, 2019) ................................................... passim

*County of Jim Wells* v. *Purdue Pharma, L.P.*,
  No. 4:19-cv-03580 (S.D. Tex. Oct. 4, 2019) ..................................................... passim

*County of Montgomery* v. *Purdue Pharma L.P.*,
  No. 4:17-cv-03756 (S.D. Tex. Dec. 13, 2017) ........................................................... 2

*County of Summit, Ohio* v. *Purdue Pharma L.P.*,
  MDL No. 17-md-2804, Case No. 1:18-op-45090 ....................................................... 4

*County of Walker* v. *Abbott Labs.*,
  No. 4:19-cv-01767 (S.D. Tex. May 14, 2019) ......................................................... 10

*County of Walker* v. *OptumRx, Inc.*,
  No 4:19-cv-01767 (S.D. Tex. July 15, 2019) ......................................................... 2, 5

*County of Webb* v. *Purdue Pharma L.P.*,
  No. 5:18-cv-00011 (S.D. Tex. Jan. 25, 2018) ........................................................... 2

*County of Zavala* v. *Purdue Pharma L.P.*,
  No. 2:18-cv-00052 (W.D. Tex. Aug. 9, 2018) ........................................................... 2

*Davis* v. *Wyeth*,
  2003 WL 23119734 (N.D. Tex. Nov. 13, 2003) .................................................. 3

*El Campo Mem'l Hosp' & W. Wharton Cnty. Hosp. Dist.* v. *McKesson Corp.*,
  No. 4:18-cv-00751 (S.D. Tex. Mar. 8, 2018) ..................................................... 2

*Ellis County* v. *Walgreens Boot Alliance Inc.*,
  No. 4:19-cv-02256 (S.D. Tex. July 24, 2019) .................................................... 5

*Fire and Police Retiree Health Care Fund* v. *CVS Health Corporation*,
  No. 4:19-cv-02089 (S.D. Tex. June 7, 2019) ................................................... 11

*Gonzales Healthcare Sys.* v. *McKesson Corp.*,
  No. 1:18-cv-45867 (N.D. Tex. July 24, 2018) .................................................... 2

*Halliburton Energy Serv.s, Inc.* v. *BP Expl. & Prod. Inc.*,
  2012 WL 149525 (S.D. Tex. Jan. 18, 2012) ................................................. 7, 13

*Harleaux* v. *Wyeth*,
  No. H-02-2221 (S.D. Tex. 2002) ....................................................................... 3

In *Ellis County* v. *Walgreens Boot Alliance, Inc.*,
  No. 4:19-cv-02256 (S.D. Tex. July 24, 2019) .................................................. 10

*In re Nat'l Prescription Opiate Litig.*,
  290 F. Supp. 3d 1375 (J.P.M.L. 2017) ........................................................ 1, 11

*In re Nat'l Prescription Opiate Litig.*,
  327 F. Supp. 3d 1064 (N.D. Ohio 2018) ......................................................... 12

*In re Nat'l Prescription Opiate Litig.*,
  No. 1:17-md-2804 ......................................................................................... 1, 6

*In re Texas Opioid Litigation*,
  Docket No. 2018-63587 .................................................................................... 3

*In rel Silica Products Liability Litigation*,
  398 F. Supp. 2d 563, (S.D. Tex. 2005) ........................................................... 13

*Johnson County* v. *Purdue Pharma, L.P.*,
  No. 4:19-cv-01637 (S.D. Tex. May 3, 2019) ................................................... 11

*Kaufman County* v. *Purdue Pharma L.P.*,
  No. 3:18-cv-02270-M (N.D. Tex. Aug. 27, 2018) ............................................. 2

*Kentucky* v. *McKesson Corp.*,
  No. 3:18-cv-00010 (E.D. Ky., Apr. 12, 2018) ................................................. 11

*Lac Courte Oreilles Band of Lake Superior Chippewa Indians* v. *McKesson Corp.*,
   2018 WL 2390120 (W.D. Wisc. May 25, 2018) ................................................................ 12

*Landis* v. *N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................ 3

*Meigs County* v. *Cardinal Health, Inc.*,
   No. 2:18-cv-01582-EAS-EPD (S.D. Ohio Dec. 6, 2018) ................................ 5

*Noble County, Ohio by the Noble County Commissioners* v.
   *Cardinal Health, Inc.*,
   No. 2:18-cv-01379-EAS-EPD (S.D. Ohio Nov. 6, 2018) ................................ 4

*People of the State of Illinois, People of Union County, and County of Union* v.
   *Purdue Pharma L.P.*,
   No. 1:19-cv-2169 (N.D. Ill. Mar. 28, 2019) ................................................ 5

*Town of Enfield* v. *Purdue Pharma L.P.*,
   No. 3:19-cv-00789 (D. Conn. Jun. 10, 2019) ................................................ 5

*Trahan* v. *BP, PLC*,
   2010 WL 4065602 (S.D. Tex. Oct. 15, 2010) ................................................ 8

*Washington County, Ohio, By its Commissioners* v.
   *Cardinal Health, Inc.*,
   No. 2:18-cv-01706-EAS-KAJ (S.D. Ohio Dec. 14, 2018) ................................ 4

## STATUTES AND RULES

Class Action Fairness Act,
   28 U.S.C. § 1332 ................................................................................................ 6

Class Action Fairness Act,
   28 U.S.C. § 1453 ................................................................................................ 6

## OTHER SOURCES

Manual for Complex Litigation (Fourth) § 22.35 ........................................ 7

Defendants CVS Health Corporation ("CVS") and McKesson Corporation ("McKesson") submit this memorandum in support of their joint motion for a temporary stay of these proceedings until the Judicial Panel on Multidistrict Litigation's ("JPML") final decision whether to transfer this action to the Multidistrict Litigation in the Northern District of Ohio, *In re National Prescription Opiate Litig.*, No. 1:17-md-2804 ("Opiate MDL").

## I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This action is in its earliest stages. Plaintiff Angelina County's action is one of more than 2,300 opioid lawsuits filed by government entities and other plaintiffs against various defendants including manufacturers, distributors, and prescribers of prescription opioid medications. Plaintiff seeks damages on behalf of its citizens, including resident doctors, health care payors, and opioid-addicted individuals. Plaintiff contends that Defendants have violated alleged duties that purportedly arise under federal law to monitor suspicious orders of prescription opiates, and as a result, are liable for "damages and injuries to Angelina County and its residents." First Am. Petition ¶ 376.

On December 5, 2017, the JPML created the Opiate MDL for cases similar to this one: cases in which "cities, counties and states . . . allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378-79 (J.P.M.L. 2017). To date, more than 2,300 actions have been transferred to, or filed

in, the Opiate MDL, including multiple cases from the United States District Courts in Texas.[1]  As new cases are filed, the JPML continues to transfer to the Opiate MDL actions just like this one. Plaintiff's Petition is similar to the complaints filed in, or transferred to, the Opiate MDL.

Plaintiff's Petition is also similar to multiple cases removed to this Court and stayed pending a final transfer decision by the JPML.  In staying two of those cases, Chief Judge Rosenthal recently observed that, given the similarity of the issues raised by these matters, staying these cases is "appropriate to avoid duplicative litigation of those issues, to improve judicial economy, and to reduce the risk of inconsistent results." *County of Jim Hogg* v. *Purdue Pharma, L.P.*, No. 4:19-cv-02816 (S.D. Tex. Sept. 4, 2019), Dkt. No. 11 at 3, Exhibit 1; *see also County of Jim Wells* v. *Purdue Pharma, L.P.*, No. 4:19-cv-03580 (S.D. Tex. Oct. 4, 2019), Dkt. No. 8 at 3, Exhibit 2.

## II.     STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

The sole issue for the court is whether to briefly stay the case until the JPML considers whether to finalize its order transferring this action to the Opiate MDL. The Court's power to stay proceedings is "incidental to the power inherent in every

---

[1] *See, e.g., County of Walker* v. *OptumRx, Inc.*, No 4:19-cv-01767 (S.D. Tex. July 15, 2019) (Hughes, J.); *Kaufman County* v. *Purdue Pharma L.P.*, No. 3:18-cv-02270-M (N.D. Tex. Aug. 27, 2018); *Gonzales Healthcare Sys.* v. *McKesson Corp.*, No. 1:18-cv-45867 (N.D. Tex. July 24, 2018); *City of Eagle Pass* v. *Purdue Pharma L.P.*, No. 2:18-cv-00051 (W.D. Tex. Aug. 9, 2018); *El Campo Mem'l Hosp' & W. Wharton Cnty. Hosp. Dist.* v. *McKesson Corp.*, No. 4:18-cv-00751 (S.D. Tex. Mar. 8, 2018); *City of Laredo* v. *Purdue Pharma L.P.*, No. 5:18-cv-00118 (S.D. Tex. Aug. 9, 2018); *County of Montgomery* v. *Purdue Pharma L.P.*, No. 4:17-cv-03756 (S.D. Tex. Dec. 13, 2017); *County of Webb* v. *Purdue Pharma L.P.*, No. 5:18-cv-00011 (S.D. Tex. Jan. 25, 2018); *County of Zavala* v. *Purdue Pharma L.P.*, No. 2:18-cv-00052 (W.D. Tex. Aug. 9, 2018).

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936). "The decision whether to stay proceedings is discretionary and the exercise of discretion is guided by the policies of justice and efficiency." *Davis* v. *Wyeth*, 2003 WL 23119734, at *3 (N.D. Tex. Nov. 13, 2003) (quoting *Harleaux* v. *Wyeth*, No. H-02-2221 (S.D. Tex. 2002)).

## III. BACKGROUND

On November 14, 2018, Plaintiff Angelina County filed a Petition in the District Court of Angelina County, Texas against Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Endo Pharmaceuticals, Inc., and Does 1 – 100. The case was assigned Case No. CV-00785-18-11. On December 11, 2018, the case was transferred as a tag-along action to the 152nd District Court of Harris County, Texas and consolidated for pre-trial purposes with the MDL styled *In re Texas Opioid Litigation*, Docket No. 2018-63587 (the "Texas MDL"). The case was assigned MDL Pretrial Cause No. 2018-87846.[2]

On August 23, 2019, Plaintiff filed a First Amended Petition in the Texas MDL, adding a number of parties, including McKesson Corporation, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, and Cardinal Health, Inc.

---

[2] On December 13, 2018, Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc. (collectively, "Purdue") removed this action to the Southern District of Texas, on the grounds that there was complete diversity of citizenship between Plaintiff and Defendants, and that the amount in controversy satisfied the jurisdictional minimum. The action was remanded to the District Court of Harris County on February 21, 2019, where it has been pending in the Texas MDL.

(collectively, "Distributor Defendants"), as well as Allergan plc f/k/a Actavis plc; Actavis, LLC; Actavis Pharma, Inc., f/k/a Watson Pharma, Inc.; Par Pharmaceutical, Inc. d/b/a Par Pharmaceutical; Par Pharmaceutical Companies, Inc.; CVS Health Corporation; Walgreen Co.; Walgreens Boots Alliance, Inc.; Morris & Dickson Co., LLC; SpecGX LLC; Amneal Pharmaceuticals LLC; Amneal Pharmaceuticals, Inc. f/k/a Atlas Holdings, Inc.; and Wal-Mart Inc. f/k/a Walmart Stores, Inc. Plaintiff brings claims for negligent and intentional creation of a public nuisance; common law fraud; negligence; gross negligence; unjust enrichment; civil conspiracy; and relief under the Texas Controlled Substances Act. Plaintiff seeks damages and equitable relief for alleged injuries to itself and, critically, to its residents.

As mentioned, the allegations set forth in Plaintiff's Petition resemble those asserted in nearly all of the complaints filed in the Opiate MDL. In fact, the allegations are nearly identical to those asserted in *County of Summit, Ohio* v. *Purdue Pharma L.P.*, MDL No. 17-md-2804, Case No. 1:18-op-45090, a bellwether case that is currently being litigated in the Opiate MDL.

Plaintiff's Petition also resembles the following cases, each of which was removed under CAFA (or CAFA and federal question) and then either stayed until the JPML's next hearing or stayed and then transferred to the Opiate MDL:

    a. *Noble County, Ohio by the Noble County Commissioners* v. *Cardinal Health, Inc.*, No. 2:18-cv-01379-EAS-EPD, Dkt. No. 1 (S.D. Ohio Nov. 6, 2018) (Sargus, C.J.) (removed under CAFA and transferred the Opiate MDL);

    b. *Washington County, Ohio, By its Commissioners* v. *Cardinal Health, Inc.*, No. 2:18-cv-01706-EAS-KAJ (S.D. Ohio Dec. 14, 2018), (Sargus, C.J.) (same);

c. *Meigs County* v. *Cardinal Health, Inc.*, No. 2:18-cv-01582-EAS-EPD (S.D. Ohio Dec. 6, 2018) (Sargus, C.J.) (same);

d. *City of Norwich* v. *Purdue Pharma L.P.,* No. 3:19-cv-00770 (D. Conn. Jun. 13, 2019) (Shea, J.) (same);

e. *People of the State of Illinois, People of Union County, and County of Union* v. *Purdue Pharma L.P.*, No. 1:19-cv-2169 (N.D. Ill. Mar. 28, 2019) (Walker, J.) (same);

f. *Town of Enfield* v. *Purdue Pharma L.P.*, No. 3:19-cv-00789 (D. Conn. Jun. 10, 2019) (Arterton, J.) (same);

g. *County of Walker* v. *OptumRx, Inc.*, No 4:19-cv-01767 (S.D. Tex. July 15, 2019) (Hughes, J.) (same);

h. *County of Duval* v. *Purdue Pharma L.P.*, No. 4:19-cv-02504 (S.D. Tex. July 26, 2019) (Hittner, J.) (same);

i. *Ellis County* v. *Walgreens Boot Alliance Inc.*, No. 4:19-cv-02256 (S.D. Tex. July 24, 2019) (Hittner, J.) (same);

j. *Rockwall County* v. *CVS Health Corporation*, No. 4:19-cv-2181 (S.D. Tex. July 4, 2019) (Gilmore, J.) (same);

k. *Jim Wells County* v. *Purdue Pharma L.P.*, No. 4:19-cv-03580 (S.D. Tex. Oct. 4, 2019) (Rosenthal, C.J.) (same);

l. *Jim Hogg County* v. *Purdue Pharma L.P.*, No. 4:19-cv-02816 (S.D. Tex. Sept. 4, 2019) (Rosenthal, C.J.) (stayed, awaiting transfer decision by JPML); and

m. *City of Dover* v. *Purdue Pharma L.P.*, No. 1:19-cv-01749-CFC (D. Del. Oct. 8, 2019) (same).

The thrust of Plaintiff's Petition is that the "Manufacturing Defendants and Distributor Defendants worked hand and glove to glut Angelina County with more opioids than could possibly be consumed for therapeutic purposes . . . ." First Am. Pet. ¶ 24. Plaintiff also alleges that the "Retailer Defendants [i]gnored [r]ed [f]lags,

[s]ystematically [f]illing [i]nvalid and [i]nappropriate [p]rescriptions." *Id.* at 85. Based on these allegations, Plaintiff claims injuries to itself and its residents stemming from the alleged abuse of addictive opioids by residents in Plaintiff's County and the State of Texas.

Defendant McKesson removed this case under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). S.D. Tex. Dkt. No. 1.[3] Shortly thereafter, CVS filed a supplemental notice of removal pointing out two additional grounds for removal: federal question jurisdiction (Plaintiff's claims are based on violations of duties created by the federal Controlled Substances Act) and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b) (Plaintiff seeks to collect damages on behalf of its residents). S.D. Tex. Dkt. No. 4.

Following removal, Cardinal Health filed a notice with the JPML tagging this case for transfer to the Opiate MDL. *See* JPML Dkt. No. 5772. Based on that notice, the JPML issued a conditional transfer order, indicating that the case should be transferred because it appears to "involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio and assigned to Judge Polster." JPML Dkt. No. 5848, 5849 ("Conditional Transfer Order") (attached as Exhibit 3). The JPML is now poised to consider whether to finalize its transfer order.

---

[3] "JPML Dkt." refers to the JPML's docket in *In re National Prescription Opiate Litigation*, MDL No. 2804 (J.P.M.L.), and "S.D. Tex. Dkt." refers to this Court's docket in this action.

## IV.    SUMMARY OF THE ARGUMENT

This Court should adopt the reasoning of Chief Judge Rosenthal in the nearly-identical cases of *Jim Hogg* and *Jim Wells*. This Court routinely stays proceedings in cases that have been conditionally transferred by the JPML to an established MDL. *E.g.*, *Halliburton Energy Serv.s, Inc.* v. *BP Expl. & Prod. Inc.*, 2012 WL 149525 (S.D. Tex. Jan. 18, 2012) (granting stay of proceedings so that the JPML could consider whether the case should be transferred to the MDL). "A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." Manual for Complex Litigation (Fourth) § 22.35 (2004). The JPML is likely to finalize its order transferring this action. And the removal and remand issues raised by this case already are pending before Judge Polster in the Opiate MDL. Accordingly, a temporary stay is warranted.

## V.    ARGUMENT

In situations involving a pending transfer decision by the JPML, this Court has recognized that "judicial economy is served by a stay pending transfer [to an MDL] if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the MDL transferee court." *Ayers* v. *ConAgra Foods, Inc.*, 2009 WL 982472, at *1 (S.D. Tex. Apr. 9, 2009). In these situations, this Court routinely elects to stay cases pending a final transfer decision to an MDL. *See, e.g.*, *Nguyen*v. *BP Expl. & Prod. Inc.*, 2010 WL 3169316 (S.D. Tex. Aug. 9, 2010) (same); *Anderson* v. *Merck & Co.*, 2007 WL 43770 (S.D. Tex. Jan. 5, 2007) (same); *Trahan* v.

*BP, PLC*, 2010 WL 4065602 (S.D. Tex. Oct. 15, 2010) (same); *Ayers*, 2009 WL 982472 (denying motion to remand without prejudice in light of the stay order pending the JPML's final transfer decision).

The rationale for staying remand proceedings in this situation is straightforward: if the JPML transfers a case to the MDL, the transferee judge can rule on all of the pending motions that present the same issue. If the JPML does not transfer this case, this Court can address the remand motion at that time. The JPML is likely to finalize its order transferring this action. And the removal and remand issues raised by this case already are pending in the Opiate MDL. Accordingly, a temporary stay is warranted.

In determining whether a stay is appropriate, this Court considers three factors: "(1) the potential prejudice to Plaintiffs from a brief stay; (2) the hardship to [the moving party] if the stay is denied; and (3) the judicial efficiency in avoiding duplicative litigation . . . ." *Nguyen*, 2010 WL 3169316, at *1. Because the last factor— judicial economy—is the most relevant factor to this motion, CVS will address the factors in reverse order.

*First*, a stay would promote judicial economy because it would conserve the parties' resources, avoid duplicative litigation, and prevent inconsistent rulings. In *Anderson*, this Court recognized the importance of avoiding duplicative rulings on similar issues in cases pending transfer to an MDL. *Anderson*, 2007 WL 43770, at *1. In issuing a stay, this Court recognized that the remand issues involved in the case were common to jurisdictional issues currently pending in other cases in the MDL.

*Id.* Consequently, the Court held that "[s]taying this case in order to give the MDL court the opportunity to transfer it would promote judicial efficiency and help to avoid the possibility of inconsistent decisions." *Id.*

That is the situation here. The jurisdictional issues presented in this case—whether removal is proper under the federal officer removal statute, CAFA, and federal question—have already arisen in multiple cases that have been transferred to the Opiate MDL. Indeed, federal district courts in 56 opioid-related cases that were removed solely under CAFA or under CAFA and other grounds have stayed proceedings for a brief period of time to allow the JPML time to decide whether to transfer the case to the Opiate MDL. *See* Exhibit 4 (listing CAFA removed cases).

As noted, in *Jim Hogg County* v. *Purdue Pharma L.P.*, No. 4:19-cv-02816 (S.D. Tex. Sept. 4, 2019) and *Jim Wells County* v. *Purdue Pharma L.P.*, No. 4:19-cv-03580 (S.D. Tex. Oct. 4, 2019), Chief Judge Rosenthal recognized that a stay would promote judicial economy, and further observed that: "Other cases consolidated before the MDL transferee court in Ohio present similar removal issues, making a stay appropriate to avoid duplicative litigation of those issues, to improve judicial economy, and to reduce the risk of inconsistent results." *Id.* at 3. This Court further opined that the "hardship to CVS if a stay is not granted is the exposure to inconsistent results in similar cases, requiring it to engage in duplicative litigation." *Id.*

In addition, Judge Hughes recently issued a stay in *County of Walker* v. *Abbott Labs.*, No. 4:19-cv-01767 (S.D. Tex. May 14, 2019). There, defendants removed the

case under CAFA and plaintiff moved for remand. After the defendants moved to stay, this Court entered an order staying the case "pending the final transfer determination of the Judicial Panel on Multidistrict Litigation." *Id.* at Dkt. No. 83. In *Ellis County* v. *Walgreens Boot Alliance, Inc.*, No. 4:19-cv-02256 (S.D. Tex. July 24, 2019) (Hittner, J.), defendants removed the case on CAFA and federal question grounds and plaintiff moved for remand. On July 24, 2019, Judge Hittner granted Defendant Walgreens Boots Alliance, Inc.'s Motion for a Temporary Stay of Proceedings Pending Final Ruling by the Judicial Panel on Multidistrict Litigation. *Id.* at Dkt. No. 29. In *County of Duval* v. *Purdue Pharma L.P.*, No. 4:19-cv-02504 (S.D. Tex. July 11, 2019)—another identical opioid action removed under CAFA—Judge Hittner similarly granted Defendant CVS's motion for a stay of proceedings pending the JPML's decision on transfer to the Opioid MDL on July 26, 2019.

Finally, in *Rockwall County* v. *CVS Health Corporation*, No. 4:19-cv-2181 (S.D. Tex. June 17, 2019), Defendants removed based on CAFA and federal question. Despite a pending motion for remand filed by plaintiff, Judge Gilmore administratively closed the case, granting the parties "leave to move to reinstate the case on the Court's active docket *after termination of the MDL 2804 proceedings*." Dkt. No. 31 (emphasis added) (attached as Exhibit 5). The same approach is warranted here.[4] Because this case is nearly identical to the scores of cases that have been

---

[4] In decisions that predated *Jim Hogg* and *Jim Wells*, Judge Hanen parted company with Judge Hughes, Judge Gilmore, and Judge Hittner and remanded two prescription opioid actions: *Johnson County* v. *Purdue Pharma, L.P.*, No. 4:19-cv-01637 (S.D. Tex. May 3, 2019) and *Fire and Police Retiree Health Care Fund* v. *CVS Health Corporation*, No. 4:19-cv-02089 (S.D. Tex. June 7, 2019). By far—both in this Court and elsewhere—the more common approach has been to allow conditionally transferred cases to transfer to the MDL so that

removed and later transferred to the Opiate MDL by the JPML, a brief stay is appropriate.

*Second*, the named defendants in this action are involved in more than 2,000 opioid-related lawsuits across the country. The goal of the Opiate MDL is to consolidate these actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. at 1379 ; *see also Kentucky* v. *McKesson Corp.*, No. 3:18-cv-00010 (E.D. Ky. Apr. 12, 2018), Dkt. No. 14 at 3 ("Judge Polster has indicated his desire to address motions to remand *collectively* . . . .") (emphasis added) (attached as Exhibit 6). Permitting this case to proceed on a separate track would frustrate the JPML's creation of the Opiate MDL. Absent a stay, Defendants will be forced to litigate the same issues in multiple forums.

That is the case here: in addition to myriad CAFA and federal question removals that have been stayed and transferred to the Opiate MDL, this case presents a *third* jurisdictional issue—whether removal is proper under the federal officer removal statute. This too has arisen in other cases that the JPML has transferred to the Opiate MDL.[5] Indeed, Judge Polster has already resolved the same jurisdictional

---

Judge Polster can resolve all removal questions at once. In addition, this case presents a basis for removal—federal officer removal—which was not present in either of the two cases remanded by Judge Hanen.

[5] As of this filing, the JPML has transferred to the MDL at least the following actions, each of which McKesson removed on federal officer grounds: *Robinson Rancheria v. McKesson Corp.*, No. 3:18-cv-02525 (N.D. Cal.); *Hopland Band of Pomo Indians, v. McKesson Corp.*, No. 3:18-cv-02528 (N.D. Cal.); *Scotts Valley Band of Pomo Indians v. McKesson Corp.*, No. 3:18-cv-02529 (N.D. Cal.); *Round Valley Indian Tribes v. McKesson Corp.*, No. 3:18-cv-

issue. In another case involving removal under the federal officer removal statute, *Lac Courte Oreilles Band of Lake Superior Chippewa Indians* v. *McKesson Corp.*, 2018 WL 2390120, at *2 (W.D. Wisc. May 25, 2018), the Western District of Wisconsin issued a stay and remarked: "It's a close call whether federal-officer removal is proper in these cases. Were this court to deny the remand motion, the possibility of inconsistent rulings would be great." *Id*. Because the court recognized that the defendant's removal theory was complex, it recognized that a stay was necessary "so that one court can issue one ruling on a difficult issue." *Id*.

Shortly thereafter, Judge Polster issued a thorough opinion resolving the federal officer removal question that had been presented in *Lac Courte* as well as a companion case from another district court. Judge Polster ruled that removal was proper in both cases. *See In re Nat'l Prescription Opiate Litig.*, 327 F. Supp. 3d 1064 (N.D. Ohio 2018). To ensure consistent rulings on this theory of removal, a brief stay is likewise needed here.

---

02530 (N.D. Cal.); *Redwood Valley or Little River Band of Pomo Indians of the Redwood Valley Rancheria v. McKesson Corp.*, No. 3:18-cv-02531 (N.D. Cal.); *Guidiville Rancheria of California v. McKesson Corp.*, No. 3:18-cv-02532 (N.D. Cal.); *Coyote Valley Band of Pomo Indians v. McKesson Corp.*, No. 3:18-cv-02533 (N.D. Cal.); *Consolidated Tribal Health Project Inc. v. McKesson Corp.*, No. 3:18-cv-02534 (N.D. Cal.); *Center Point, Inc. v. McKesson Corp.*, No. 3:18-cv-02535 (N.D. Cal.); *Big Valley Band of Pomo Indians of the Big Valley Rancheria v. McKesson Corp.*, No. 3:18-cv-02536 (N.D. Cal.); *Big Sandy Rancheria of Western Mono Indians v. McKesson Corp.*, No. 3:18-cv-02537 (N.D. Cal.); *Lac Courte Oreilles Band of Superior Chippewa Indians v. McKesson Corp.*, No. 3:18-cv-00286 (W.D. Wisc.); *Red Cliff Band of Lake Superior Chippewa Indians v. McKesson Corp.*, No. 3:18-cv-00380 (W.D. Wisc.); *Fond du Lac Band of Lake Superior Chippewa v. McKesson Corp.*, No. 0:18-cv-02713 (D. Minn.); *City of Tucson v. Purdue Pharma, L.P.*, No. 4:19-cv-00167 (D. Ariz.); *Pima Cty. v. Purdue Pharma, L.P.*, No. 4:19-cv-00166 (D. Ariz.); *Cherokee Nation v. McKesson Corp.*, No. 6:18-cv-00056 (E.D. Okla.); *Osage Nation v. Purdue Pharma L.P..*, No. 4:19-cv-00485 (N.D. Okla.); *City of Portsmouth v. Purdue Pharma L.P.*, No. 2:19-cv-00331 (E.D. Va.).

It bears emphasis that although McKesson has removed a number of other opioid-related actions on the same federal officer grounds as this action, no district court *in the country* has ruled on plaintiffs' remand motions before the JPML made a final transfer decision. To the contrary, in *every* case McKesson removed on the same federal officer grounds as this action and in which plaintiffs moved to remand, courts have *unanimously* declined to rule on the remand motions and allowed the JPML to transfer the case to the MDL. *See Lac Courte Oreilles Band of Lake Superior Chippewa Indians*, 2018 WL 2390120, at *2; Order Granting Motions to Stay, *Robinson Rancheria v. McKesson Corp.*, No. 3:18-cv-02525 (N.D. Cal. July 16, 2018), ECF No. 23 (staying proceedings in actions removed on federal officer grounds); Order, *Tucson Med. Ctr. v. Purdue Pharma*, No. 4:18-cv-00481 (D. Ariz. Oct. 5, 2018), ECF No. 50 (same); *City of Portsmouth v. Purdue Pharma L.P.*, No. 2:19-cv-00331-HCM-LRL (E.D. Va. Oct. 3, 2019), ECF No. 52 (transferring action to MDL despite pending remand motion).

If this Court were to rule on Plaintiff's remand motion before the JPML decides transfer, it would be the first and only court in the country to do so, creating a significant risk of inconsistent rulings on the same jurisdictional issue—one that Judge Polster has already resolved. The better course is to do as other district courts across the country have done without exception: defer consideration of the remand motion and allow the JPML to make a final transfer decision.

*Third*, a brief stay will not prejudice any party. If the JPML transfers this case to the Opiate MDL, Plaintiff will have the opportunity to present a motion to remand to

Judge Polster. This will guarantee consistent results with respect to both Plaintiff and other similarly-situated plaintiffs, as the remand issues will be decided under Fifth Circuit law and will control in all of the Opiate MDL cases that present this identical issue. *See In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 644 n.128 (S.D. Tex. 2005) ("When considering the issue of federal subject-matter jurisdiction, the Court will apply the law of the Fifth Circuit [to all remand motions pending in the MDL]."). Also, in the event that the JPML decides against transferring this case to the Opiate MDL, this Court can hear and decide Plaintiff's remand motion at that time. *See Halliburton Energy Sers., Inc.*, 2012 WL 149525, at *3 ("If the case is not transferred, this Court will decide the Motion to Remand promptly.").

Because the JPML already has issued a conditional transfer order, any delay in the consideration of Plaintiff's remand motion will be brief. *See Nguyen*, 2010 WL 3169316, at *1 ("The stay against the remaining Defendants in this case should be in effect for no more than a few weeks."). The JPML is likely to make a final transfer decision in the next few months.[6] Accordingly, any potential prejudice to Plaintiff from that short delay is far outweighed by the hardships that Defendants would face in the absence of a stay.

In the end, it makes little sense for this Court to depart from the Chief Judge's reasoning in *Jim Hogg* and *Jim Wells* and to undertake to resolve the complex removal issues presented in this case before the JPML has had a chance to render a

---

[6] *See* Judicial Panel on Multidistrict Litigation, *Hearing Information*, http://www.jpml.uscourts.gov/hearing-information.

final transfer decision. Because the jurisdictional issues presented in this case are factually and legally complex, and are identical to jurisdictional issues raised in other cases pending in the Opiate MDL, a temporary stay is warranted.

## VI.   CONCLUSION

For these reasons, Defendants CVS Health Corporation and McKesson Corporation respectfully request that this Court stay all proceedings in this case pending a decision by the JPML whether to transfer this case to the Opiate MDL.

Date: October 29, 2019

Respectfully Submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By:  */s/ Mark E. Torian*
**MARK E. TORIAN**
Texas Bar No. 24028051
mtorian@bradley.com

4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 939-8700 (Telephone)
(214) 939-8787 (Facsimile)

Conor B. O'Croinin*
**Zuckerman Spaeder LLP**
100 East Pratt Street, Suite   2440
Baltimore, MD 21202–1031
(410) 949–1160
cocroinin@zuckerman.com

* *denotes national counsel who will seek pro hac vice admission*

**ATTORNEYS FOR DEFENDANT CVS HEALTH CORPORATION**

*/s/ Craig Smyser*

Craig Smyser
Texas Bar No. 18777575
Fed. Bar No. 848
csmyser@skv.com
Tyler G. Doyle
Texas Bar No. 24072075
Fed. Bar No. 1373873
tydoyle@skv.com
David Isaak
Texas Bar No. 24012887
Fed. Bar No. 26694
disaak@skv.com
Razvan Ungureanu
Texas Bar No. 24085630
Fed. Bar No. 2006928
razvan@skv.com
Kristin Adler
Texas Bar No. 793233
Fed. Bar No. 21273
kadler@skv.com
Michelle S. Stratton
Texas Bar No. 24085606
Fed. Bar No. 2592215
mstratton@skv.com
Crystal Robles
Texas Bar No. 24083754
Fed. Bar No. 2070295
crobles@skv.com
SMYSER KAPLAN &VESELKA L.L.P.
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Phone: 713-221-2300
Fax: 713-221-2320

**ATTORNEYS FOR DEFENDANT
MCKESSON CORPORATION**

## Certificate of Service

In accordance with Local Rule 5.3, I certify that this motion was served on all parties via the Court's CM/ECF system.

<u>*/s/ Mark E. Torian*</u>
Mark E. Torian